People ex rel. Amsel v Schiraldi (2021 NY Slip Op 04950)





People v Schiraldi


2021 NY Slip Op 04950


Decided on September 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2021-06282 DECISION, ORDER & JUDGMENT

[*1]The People of the State of New York, ex rel. Joseph Z. Amsel, on behalf of Timia Hodges, petitioner, 
v
Vincent Schiraldi, etc., respondent.


Joseph Z. Amsel, New York, NY, petitioner pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Charles Pollak of counsel), for respondent.

Writ of habeas corpus in the nature of an application to release Timia Hodges upon her own recognizance or, in the alternative, to set reasonable bail upon Queens County Indictment No. 881/2021.


ADJUDGED that the writ is sustained to the extent that Timia Hodges is released upon her own recognizance for a period of 120 days from the date of this decision, order, and judgment, on condition that Timia Hodges shall (1) wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c), and any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Queens County, and further proceedings pursuant to CPL 510.40(4)(d), if any, shall be conducted by the Supreme Court, Queens County; (2) remain confined to her residence, located in Queens County, except for visits to her attorney, her doctors, her medical facility, court, or retail establishment to make purchases relating to her family, and must travel directly from her home to her attorney, her doctors, her medical facility, court, or the retail establishment, and directly back to her home, after completing those visits; (3) surrender all passports, if any, she may have to the Office of the District Attorney of Queens County, or, if she does not possess a passport, she shall provide to the Office of the District Attorney of Queens County an affidavit, in a form approved by the Office of the District Attorney of Queens County, in which she attests that she does not possess a passport, and shall not apply for any new or replacement passports; and (4) provide to the Office of the District Attorney of Queens County an affidavit, in a form approved by the Office of the District Attorney of Queens County, in which she attests that if she leaves the jurisdiction she agrees to waive the right to oppose extradition from any foreign jurisdiction, and the writ is otherwise dismissed, without costs or disbursements; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that Timia Hodges has arranged for electronic monitoring with a qualified entity pursuant to CPL 510.40(4)(c), has surrendered all passports, if any, she may have to the Office of the District Attorney of Queens County, or, if she does not possess a passport, has provided to the Office of the District Attorney of Queens County an affidavit, in a form approved by the Office of the District Attorney of Queens County, in which she attests that she does not possess a passport, and shall not [*2]apply for any new or replacement passports, and has provided to the Office of the District Attorney of Queens County an affidavit, in a form approved by the Office of the District Attorney of Queens County, in which she attests that if she leaves the jurisdiction she agrees to waive the right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which Timia Hodges is incarcerated, or his or her agent, is directed to immediately release Timia Hodges from incarceration; and it is further,
ORDERED that this term of release shall terminate and be of no further effect 121 days from the date hereof and Timia Hodges shall thereafter surrender to the Sheriff of the City of New York, unless Timia Hodges has obtained release under the terms of a securing order issued by the Supreme Court, Queens County; and it is further,
ORDERED that upon the termination of this term of release as provided above, this order shall constitute authorization to any peace officer to arrest and deliver Timia Hodges to the Supreme Court, Queens County, unless Timia Hodges has obtained release under the terms of a securing order issued by the Supreme Court, Queens County; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Queens County, for proceedings pursuant to CPL article 510 and CPL article 530, which shall occur no later than 120 days after the date of this decision, order, and judgment, concerning an appropriate securing order for the period commencing 121 days after the date of this decision, order, and judgment.
MASTRO, J.P., WOOTEN, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court